IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Crim. No. 1:13-cr-318 |
| | ) | |
| v. | ) | Count 1: 18 U.S.C. § 371 - Conspiracy |
| | ) | |
| JENARO BLALOCK, | ) | Counts 2-5: 18 U.S.C. § 1344 - Bank Fraud |
| CHRISTOPHER BUSH, | ) | |
| JENNIFER SCRUGGS, | ) | Counts 6-7: 18 U.S.C. § 1029 - Access |
| ADRIENNE PRITCHETT, | ) | Device Fraud |
| SEGALE BATTLE, | ) | |
| JAMILLE FERGUSON, | ) | Counts 8-11: 18 U.S.C. § 1028 - Identity |
| RUNGNATEE PEARSON, | ) | Theft |
| TEKIA THOMAS, and | ) | |
| KEVIN MIDDLETON, | ) | Counts 12-16: 18 U.S.C. § 1028A - |
| | ) | Aggravated Identity Theft |
| Defendants | ) | |
| | ) | Notice of Forfeiture |

## INDICTMENT

**July 2013 Term - at Alexandria, Virginia**

THE GRAND JURY CHARGES THAT:

At all times relevant to this Indictment:

1. Defendants JENARO BLALOCK, CHRISTOPHER BUSH, JENNIFER SCRUGGS, ADRIENNE PRITCHETT, SEGALE BATTLE, JAMILLE FERGUSON, RUNGNATEE PEARSON, TEKIA THOMAS, KEVIN MIDDLETON, and others known and unknown to the Grand Jury, were members of a criminal organization engaged in large-scale identity theft and fraud in the Washington, D.C. metro area. Between January 2012 and July 2013, this criminal organization stole the identities of more than 600 individual victims, and used those victims' identities on fraudulent identification documents and to obtain money and other property from financial institutions and retailers.

## THE DEFENDANTS

2. Defendant JENARO BLALOCK was a resident of Prince George's County, Maryland, and was a leader of the conspiracy. BLALOCK recruited co-conspirators to obtain and use victims' PII. BLALOCK personally obtained at least nineteen (19) fraudulent driver's licenses bearing his photograph and victims' PII.

3. Defendant CHRISTOPHER BUSH was also a leader of the conspiracy. From February 2012 through February 2013, BUSH resided with Defendant ADRIENNE PRITCHETT in Washington, D.C. From February 2013 until July 2013, BUSH and PRITCHETT resided in Prince George's County, Maryland. BUSH recruited co-conspirators to obtain and use victims' PII. BUSH possessed and used equipment to create fraudulent means of identification using victims' PII, including driver's licenses, vehicle insurance cards, vehicle titles and registrations, checks, and earnings and leave statements. BUSH personally obtained at least twelve (12) fraudulent driver's licenses bearing his photograph and victims' PII, and personally used victims' PII to obtain and attempt to obtain money and other property from banks and retailers.

4. Defendant JENNIFER SCRUGGS was a resident of Prince George's County, Maryland, and was a trusted associate of BLALOCK. SCRUGGS personally obtained at least one (1) fraudulent driver's license bearing her photograph and a victim's PII. SCRUGGS personally used victims' PII to apply for lines of credit over the Internet and to manufacture counterfeit checks bearing victims' bank account numbers. SCRUGGS also personally obtained money and other property using these fraudulently-opened lines of credit and counterfeit checks.

5. Defendant ADRIENNE PRITCHETT was a girlfriend of BUSH. From February 2012 through February 2013, BUSH and PRITCHETT resided in Washington, D.C. From

February 2013 until July 2013, BUSH and PRITCHETT resided in Prince George's County, Maryland. From at least December 2012 through June 2013, PRITCHETT used her employment, which provided her with access to PII belonging to employees of the U.S. Department of State, Department of Defense, and USAID, many of whom were stationed overseas, to obtain and provide BUSH with PII belonging to approximately four hundred forty five (445) individual victims.

6. Defendant SEGALE BATTLE was a resident of Prince George's County, Maryland, and was recruited into the conspiracy by BLALOCK. In or about and between June 2012 and July 2012, BATTLE used her employment, which provided her with access to PII belonging to patients of a dental practice in Washington, D.C., to obtain and provide BLALOCK with PII belonging to at least sixteen (16) individual victims.

7. Defendant JAMILLE FERGUSON was a resident of Washington, D.C. FERGUSON personally obtained at least sixty-three (63) fraudulent driver's licenses bearing her photograph and victims' PII, and personally used victims' PII to obtain and attempt to obtain money and other property from banks and retailers.

8. Defendant RUNGNATEE PEARSON was a resident of Loudoun County, Virginia, in the Eastern District of Virginia, and was Defendant BUSH's sister. PEARSON personally obtained at least eighteen (18) fraudulent driver's licenses bearing her photograph and victims' PII, and personally used victims' PII to obtain and attempt to obtain money and other property from banks and retailers.

9. Defendant TEKIA THOMAS was a resident of Fairfax County, Virginia, in the Eastern District of Virginia, and was recruited into the conspiracy by BLALOCK. In or about and between April 2013 and May 2013, THOMAS used her employment, which provided her

with access to PII belonging to customers of a rental car company in Arlington, Virginia, in the Eastern District of Virginia, to create fraudulent rental contracts using at least twelve (12) victims' names and at least seven (7) victims' credit card numbers. THOMAS then provided the rental cars to members of the conspiracy, knowing that co-conspirators intended to steal the vehicles.

10. Defendant KEVIN MIDDLETON was a resident of Prince George's County, Maryland, and Charleston County, South Carolina. MIDDLETON personally obtained at least eight (8) fraudulent driver's licenses bearing his photograph and victims' PII, and personally used victims' PII to obtain and attempt to obtain money and other property from banks and retailers.

## COUNT 1

(18 U.S.C. § 371 - Conspiracy)

THE GRAND JURY CHARGES THAT:

11. Paragraphs 1 through 10 are re-alleged and incorporated as if set forth here in their entirety.

12. From in or about January 2012, until in or about July 2013, in the Eastern District of Virginia and elsewhere, the defendants,

**JENARO BLALOCK,**

**CHRISTOPHER BUSH,**

**JENNIFER SCRUGGS,**

**ADRIENNE PRITCHETT,**

**SEGALE BATTLE,**

**JAMILLE FERGUSON,**

**RUNGNATEE PEARSON,**

**TEKIA THOMAS,** and

**KEVIN MIDDLETON**

did knowingly and intentionally combine, conspire, confederate, and agree, with each other and with other persons known and unknown to the Grand Jury, to commit offenses against the United States, namely:

(a) bank fraud: that is, to knowingly execute, and attempt to execute, a scheme and artifice to defraud a financial institution, and to obtain any of the moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, a financial institution, by means of materially false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344;

(b) access device fraud: that is, to knowingly and with intent to defraud traffic in and use one or more unauthorized access devices during any one-year period, and by such conduct obtain anything of value aggregating $1,000 or more during that period, in violation of Title 18, United States Code, Section 1029(a)(2); and

(c) identity theft: that is, to knowingly transfer, possess, and use, without lawful authority, a means of identification of another person with the intent to commit, and to aid or abet, and in connection with, any unlawful activity that constitutes a violation of Federal law, and that constitutes a felony under any applicable State or local law, specifically: bank fraud (18 U.S.C. § 1344) and access device fraud (18 U.S.C. § 1029(a)(2)), in violation of Title 18, United States Code, Section 1028(a)(7).

### *Ways, Manner, and Means of the Conspiracy*

In furtherance of the conspiracy, defendants and others known and unknown to the Grand Jury employed, among others, the following manner and means:

13. It was part of the conspiracy that, beginning in or around January 2012, members of the conspiracy would obtain PII belonging to identifiable victims through their places of employment, and would provide that PII to co-conspirators. In total, members of the conspiracy obtained PII belonging to more than 600 identifiable victims from various employers, including a bank, an insurer, a rental car company in the Eastern District of Virginia, and a dental practice.

14. It was further part of the conspiracy that members of the conspiracy would use victims' PII to create fraudulent identification documents, including driver's licenses that bore photographs of themselves and co-conspirators. Members of the conspiracy created at least 294 fraudulent identification documents using victims' PII.

15. It was further part of the conspiracy that members of the conspiracy would transfer fraudulent identification documents and victims' PII to co-conspirators for use in defrauding financial institutions and retailers.

16. It was further part of the conspiracy that members of the conspiracy would use fraudulent identification documents and victims' PII to open and attempt to open bank and credit accounts in victims' names, including in the Eastern District of Virginia.

17. It was further part of the conspiracy that members of the conspiracy would obtain merchandise from retailers using fraudulently-opened credit accounts, including in the Eastern District of Virginia.

18. It was further part of the conspiracy that members of the conspiracy would use victims' PII to make in-branch withdrawals from victims' bank accounts.

19. It was further part of the conspiracy that members of the conspiracy would use victims' PII to manufacture counterfeit checks bearing victims' bank account information.

20. It was further part of the conspiracy that members of the conspiracy would use counterfeit checks drawn on victims' bank accounts and thereby obtain property from retailers, including in the Eastern District of Virginia.

21. It was further part of the conspiracy that members of the conspiracy would use victims' PII to obtain rental vehicles, including in the Eastern District of Virginia.

22. It was further part of the conspiracy that the conspiracy derived a direct financial benefit from the acquisition and use of individual victims' PII.

### *Overt Acts*

23. It was further part of the conspiracy that the following acts in furtherance of and to effect the objects of the above-described conspiracy were committed in the Eastern District of Virginia and elsewhere:

a. On or about January 28, 2012, SCRUGGS used a counterfeit check drawn on the Bank of America bank account of victim I.W.R. at a Giant store in Arlington, Virginia, in the Eastern District of Virginia, and thereby obtained $464.11 in property.

b. On or about January 28, 2012, SCRUGGS used a counterfeit check drawn on the Bank of America bank account of victim I.W.R. at a Kmart store in Springfield, Virginia, in the Eastern District of Virginia, and thereby obtained $1,023.71 in property.

c. On or about December 19, 2012, BUSH, using the identity of victim V.M., obtained $815 in merchandise from Macy's in McLean, Virginia, in the Eastern District of Virginia, after opening a credit account.

d. On or about December 19, 2012, BUSH, using the identity of victim M.M., attempted to open a credit account at Macy's in McLean, Virginia, in the Eastern District of Virginia.

e. On or about January 16, 2013, FERGUSON, using the identity of victim D.P., obtained $7,109.96 in merchandise from Jared the Galleria of Jewelry in Fairfax, Virginia, in the Eastern District of Virginia, after opening a credit account.

f. On or about February 14, 2013, BUSH, using the identity of victim G.W., obtained $6,237.48 in merchandise from Jared the Galleria of Jewelry in Vienna, Virginia, in the Eastern District of Virginia, after opening a credit account.

g. On or about February 14, 2013, FERGUSON, using the identity of victim A.W., attempted to open a $1,000 credit line at Jared the Galleria of Jewelry in Vienna, Virginia, in the Eastern District of Virginia.

h. On or about February 23, 2013, PEARSON, using the identity of victim S.R., obtained $6,236.97 in merchandise from Jared the Galleria of Jewelry in Vienna, Virginia, in the Eastern District of Virginia, after opening a credit account.

i. On or about April 9, 2013, BLALOCK rented a vehicle from THOMAS at a rental car company in Arlington, Virginia, in the Eastern District of Virginia.

j. On or about May 20, 2013, THOMAS created a rental car contract at a rental car company in Arlington, Virginia, in the Eastern District of Virginia, in the name of victim M.S. and charged to a Mastercard issued by Barclays bank to victim R.R.

k. On or about May 20, 2013, and approximately ten (10) minutes after the above-mentioned rental contract, THOMAS created a second rental car contract in the name of victim M.S. and charged to a Mastercard issued by Barclays bank to victim R.R.

l. On or about May 20, 2013, MIDDLETON, using the identity of victim M.S., attempted to open a $7,600 credit line at J.B. Robinson Jewelers in Chesapeake, Virginia, in the Eastern District of Virginia.

(All in violation of Title 18, United States Code, Section 371).

## COUNTS 2-5

(Bank Fraud – 18 U.S.C. § 1344)

THE GRAND JURY FURTHER CHARGES THAT:

24. The factual allegations contained in Paragraphs 1 through 10 and 13 through 23 are re-alleged and incorporated as if set forth here in their entirety.

25. On or about the dates listed below, in the Eastern District of Virginia, the below-listed Defendants knowingly executed, and attempted to execute, a scheme and artifice to defraud a financial institution, and to obtain any of the moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, a financial institution, by means of materially false and fraudulent pretenses, representations, and promises:

| Count | Approximate Date | Victim Bank | Transaction | Defendant |
|---|---|---|---|---|
| 2 | January 28, 2012 | Bank of America | $464.11 counterfeit check passed at Giant store in Arlington, Virginia | **JENNIFER SCRUGGS** |
| 3 | January 28, 2012 | Bank of America | $1,023.71 counterfeit check passed at Kmart store in Springfield, Virginia | **JENNIFER SCRUGGS** |
| 4 | December 19, 2012 | Department Stores National Bank | $815 in merchandise obtained via credit line at Macy's in McLean, Virginia | **ADRIENNE PRITCHETT CHRISTOPHER BUSH** |
| 5 | December 19, 2012 | Department Stores National Bank | Attempt to open credit line at Macy's in McLean, Virginia | **CHRISTOPHER BUSH** |

(All in violation of Title 18, United States Code, Sections 1344 and 2.)

## COUNTS 6-7

(Access Device Fraud – 18 U.S.C. § 1029(a)(2))

THE GRAND JURY FURTHER CHARGES THAT:

26. The factual allegations contained in Paragraphs 1 through 10 and 13 through 23 are re-alleged and incorporated as if set forth here in their entirety.

27. On or about the dates listed below, in the Eastern District of Virginia and elsewhere, the below-listed defendants, knowingly and with intent to defraud, and in a manner affecting interstate commerce, used one or more unauthorized access devices, and by such conduct obtained cash, goods, and merchandise having an aggregate value of more than $1,000 during a one-year period.

| Count | Dates | Access Devices | Defendants |
|---|---|---|---|
| 6 | January 1, 2012 – December 31, 2012 | Bank account numbers | **JENNIFER SCRUGGS** |
| 7 | July 1, 2012 – June 30, 2013 | Credit account numbers | **ADRIENNE PRITCHETT CHRISTOPHER BUSH JAMILLE FERGUSON RUNGNATEE PEARSON TEKIA THOMAS** |

(All in violation of Title 18, United States Code, Sections 1029(a)(2) and 2.)

## COUNTS 8-11

(Identity Theft – 18 U.S.C. § 1028(a)(7))

THE GRAND JURY FURTHER CHARGES THAT:

28. The factual allegations contained in Paragraphs 1 through 10 and 13 through 23 are re-alleged and incorporated as if set forth here in their entirety.

29. On or about December 19, 2012, in the Eastern District of Virginia, the defendants listed below knowingly transferred, possessed, and used, without lawful authority, the indicated means of identification of another person with the intent to commit, and to aid and abet, and in connection with, any unlawful activity that constitutes a violation of Federal law, and that constitutes a felony under any applicable State or local law, specifically: bank fraud (18 U.S.C. § 1344) and access device fraud (18 U.S.C. § 1029(a)(2)), in violation of Title 18, United States Code, Section 1028(a)(7).

| Count | Means of Identification | Defendants |
|---|---|---|
| 8 | Date of Birth and Social Security Number (victim S.S.) | **ADRIENNE PRITCHETT** **CHRISTOPHER BUSH** |
| 9 | Date of Birth and Social Security Number (victim K.T.) | **ADRIENNE PRITCHETT** **CHRISTOPHER BUSH** |
| 10 | Driver's license, Date of Birth, credit card, and Social Security Number (victim J.E.) | **CHRISTOPHER BUSH** |
| 11 | Date of Birth and Social Security Number (victim D.L.) | **CHRISTOPHER BUSH** |

(All in violation of Title 18, United States Code, Sections 1028(a)(7) and 2.)

## COUNTS 12-16

(Aggravated Identity Theft – 18 U.S.C. § 1028A)

THE GRAND JURY FURTHER CHARGES THAT:

30. The factual allegations contained in Paragraphs 1 through 10 and 13 through 23 are re-alleged and incorporated as if set forth here in their entirety.

31. On or about the dates listed below, in the Eastern District of Virginia and elsewhere, the indicated defendants, during and in relation to the felony offenses listed below, knowingly transferred, possessed and used, without lawful authority, the indicated means of identification of another person:

| Count | Approximate Date | Means of Identification | Felony Offenses | Defendants |
|---|---|---|---|---|
| 12 | January 28, 2012 | Bank account number (victim I.W.R.) | Bank fraud (18 U.S.C. § 1344), as charged in Count 2; Access Device Fraud (18 U.S.C. § 1029(a)(2)) | **JENNIFER SCRUGGS** |
| 13 | January 28, 2012 | Bank account number (victim I.W.R.) | Bank fraud (18 U.S.C. § 1344), as charged in Count 3; Access Device Fraud (18 U.S.C. § 1029(a)(2)) | **JENNIFER SCRUGGS** |
| 14 | December 19, 2012 | Driver's license, Date of Birth, and Social Security Number (victim V.M.) | Bank fraud (18 U.S.C. § 1344), as charged in Count 4; Access Device Fraud (18 U.S.C. § 1029(a)(2)) | **ADRIENNE PRITCHETT CHRISTOPHER BUSH** |
| 15 | December 19, 2012 | Driver's license, Date of Birth, credit card, and Social Security Number (victim M.M.) | Bank fraud (18 U.S.C. § 1344), as charged in Count 5; Access Device Fraud (18 U.S.C. § 1029(a)(2)) | **CHRISTOPHER BUSH** |
| 16 | January 16, 2013 | Driver's license, Date of Birth, and Social Security Number (victim D.P.) | Access Device Fraud (18 U.S.C. § 1029(a)(2)) | **CHRISTOPHER BUSH ADRIENNE PRITCHETT JAMILLE FERGUSON** |

(All in violation of Title 18, United States Code, Sections 1028A(a)(1), 1028A(c)(4) and (5), and 2).

## NOTICE OF FORFEITURE

(18 U.S.C. § 981(a)(1)(C); 18 U.S.C. § 982(a)(1); 28 U.S.C. § 2461(c))

1. The allegations contained in Counts 1-7 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture.

2. Pursuant to Federal Rule of Criminal Procedure 32.2(a), the United States of America gives notice to the Defendants that, in the event of a conviction of any of the offenses charged in Counts 1-7 of this Indictment, the Defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property constituting, or derived from, proceeds traceable to such violation(s); and shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation(s).

3. If any of the property described above, as a result of any act or omission of any defendant,

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and Title 28, United States Code, Section 2461(c).

(All pursuant to 18 U.S.C. § 981(a)(1)(C) and § 982(a)(1), and 28 U.S.C. § 2461(c).)

NEIL H. MacBRIDE
UNITED STATES ATTORNEY

*Lindsay Kelly*
Lindsay A. Kelly
Assistant United States Attorney

Peter V. Roman
Special Assistant United States Attorney (LT)

A TRUE BILL:

Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office.

Foreperson of the Grand Jury